UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE ESTATE OF STANLEY KAUFFMANN,

                          Plaintiff,

-vs-

ROCHESTER INSTITUTE OF TECHNOLOGY,

                          Defendant.     DECISION & ORDER

                                            17-CV-6061-CJS-MWP

ROCHESTER INSTITUTE OF TECHNOLOGY,

                          Third Party Plaintiff,

-vs-

ROBERT J. CARDULLO,

                          Third Party Defendant.
_____

## APPEARANCES

| | |
|---|---|
| For Plaintiff/Third Party Plaintiff: | Kenneth P. Norwick, Esq.<br>Norwick Schad & Goering<br>110 East 59th Street 29th Floor<br>New York, NY 10022<br>(212) 751-4440 |
| For Defendant: | Jeremy P. Oczek, Esq.<br>Mary Patricia Moore, Esq.<br>Bond, Schoeneck & King, PLLC<br>Avant Building<br>200 Delaware Avenue Suite 900<br>Buffalo, NY 14202<br>(716) 416-7037 |
| For Third Party Defendant: | In Default |

## INTRODUCTION

**Siragusa, J.** This copyright infringement case is before the Court on Defendant Rochester Institute of Technology's ("RIT") motion for full costs of approximately $184,584.64, including attorney fees, pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)(2). The Court previously ruled in favor of RIT on its motion for summary judgment, the Clerk entered judgment for RIT, and the Estate of Stanley Kauffman ("the Estate") has filed a notice of appeal. For the reasons stated below, the Court grants in part and denies in part RIT's application for costs.

## BACKGROUND

Plaintiff Stanley Kauffmann ("Kauffmann") was an author of numerous movie reviews primarily for THE NEW REPUBLIC, "an independent journal of opinion promoting novel solutions to the challenges of our time." About, THE NEW REPUBLIC (https://newrepublic.com/pages/about) accessed on Jul. 24, 2018. At issue is whether the Court should award full costs, including a reasonable attorney's fee, to RIT considering the Estate's litigation stance concerning 44 articles by the late Stanley Kauffman that RIT published in a book which the Estate claims is infringing. The Court found that a 2004 agreement signed by Stanley Kauffman memorialized a prior understanding between him and THE NEW REPUBLIC that each of Mr. Kauffmann's contributions to the magazine constituted a work for hire as defined in the 1976 Copyright Act. The Court has reviewed the memoranda and declarations submitted by each side, and heard oral argument on the motion.

## STANDARD OF LAW

A prevailing party must file a motion no later than fourteen days after the entry of judgment specifying the rule under which attorney's fees are due, the grounds for the award, and "the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(A), (B)(i)–(iv). "The court may decide issues of liability for fees before receiving submissions on the value of services," and it "must find the facts and state its conclusions of law as provided in Rule 52(a)." Fed. R. Civ. P. 54(d)(2)(C).

The Copyright Act of 1976 provides that a prevailing party may move for "recovery of full costs" which "the court in its discretion may allow," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (LEXIS through Pub. L. No. 115-238, approved 9/7/18, with a dap of PL 115-232). The Court cannot

> "award[ ] attorney's fees as a matter of course"; rather, a court must make a more particularized, case-by-case assessment.... Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be "encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.".... In addition, we noted with approval "several nonexclusive factors" to inform a court's fee-shifting decisions: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence."

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (internal citations to *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) omitted).

## DISCUSSION

RIT argues that

> it was objectively unreasonable for the Estate to conclude it owned the copyrights for Mr. Kauffmann's 1999 film review contributions to THE NEW REPUBLIC

considering that it never contacted THE NEW REPUBLIC to discuss Mr. Kauffmann's alleged copyrights, and it readily would have discovered the work for hire agreement had it done so.

RIT's Reply Mem. of Law 5, Sept. 11, 2018, ECF No. 85. The Estate contends that it was sufficient to rely on the recollections of Robert Marx and Henry Thayer about Mr. Kauffmann's understanding of the copyright status of his works at issue in this case for THE NEW REPUBLIC. The Estate Mem. of Law 8, Sept. 5, 2018, ECF No. 82.

The Court agrees that had the Estate contacted THE NEW REPUBLIC earlier, it would likely have learned of the 2004 agreement on which this Court based its decision for RIT. However, it is unlikely that counsel for the Estate would have dropped the lawsuit, since his theory all along has been that the 2004 agreement is too remote in time from the 1999 film reviews to be an effective writing pursuant to 17 U.S.C. §§ 101(2).[1] Presumably this is the issue the Estate is raising on appeal to the Second Circuit to settle the question of whether a later-created writing memorializing a prior oral understanding is sufficient to show that the works covered by that writing are works made for hire.

The Court determined that the Second Circuit's decision in *Playboy Enters. v. Dumas*, 53 F.3d 549 (2d Cir. 1995), was applicable. In that case, the circuit court reviewed the district court's decision that any written agreement under § 101(2)'s work made for hire requirements would need to exist before the work was created. *Id.* at 558. Counsel for the Estate, who was co-counsel to Playboy Enterprises, Inc., at the time of the circuit's decision, argued

---

[1] "A 'work made for hire' is—... a work specially ordered or commissioned for use as a contribution to a collective work..., if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101(2) (LEXIS Current through PL 115-238, approved 9/7/18, with a gap of PL 115-232).

"that this requirement of a pre-creation writing has no basis in the statute." *Id.* at 558. The Second Circuit decided for the defendant, stating:

> Playboy points to *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27 (2d Cir. 1982), in which we held that the "note or memorandum" of a transfer agreement, required by § 204(a) of the 1976 Act, "need not be made at the time when the license is initiated; the requirement is satisfied by the copyright owner's later execution of a writing which confirms the agreement." *Id.* at 36.
>
> * * *
>
> We ... find that the 1976 Act requires that the parties agree before the creation of the work that it will be a work made for hire.
>
> We are not convinced, however, that the actual writing memorializing the agreement must be executed before the creation of the work. The Nimmers make a convincing argument in their treatise on copyrights that such a requirement could itself create uncertainty. They argue:
>
>> One can [] imagine claims involving parties each of whom knew of the unanimous intent among all concerned that the work for hire doctrine would apply, notwithstanding that some of the paperwork remained not fully executed until after creation of the subject work. In that [] circumstance, the bright line rule could frustrate the intent of the parties, and cloud rather than serve the goal of certainty.
>
> 1 *Nimmer* § 5.03[B][2][b] (1994). They conclude that "perhaps this rule needs further testing in the crucible of fact patterns by future cases." *Id.* We agree. In the fact pattern of this case, we will assume that the writing requirement of § 101(2) can be met by a writing executed after the work is created, if the writing confirms a prior agreement, either explicit or implicit, made before the creation of the work.

*Id.* at 559. The 2004 agreement in this case, which the Court quoted verbatim in its prior decision, *Estate of Kauffmann v. Rochester Inst. of Tech.*, No. 17-CV-6061-CJS-MWP, 2018 U.S. Dist. LEXIS 131825, *5–6 (W.D.N.Y. Aug. 6, 2018), clearly "confirm[ed] a prior [explicit] agreement..., made before the creation of the work[s]." *Playboy Enters.*, 53 F.3d at 559.

The Fifth Circuit has stated that "the Second Circuit [is] the *de facto* Copyright Court of the United States...." *Easter Seal Soc. for Crippled Children & Adults of Louisiana, Inc. v. Playboy Enterprises*, 815 F.2d 323, 325 (5th Cir. 1987). Nevertheless, contrary authority to the holding in *Playboy* exists in the Seventh Circuit. *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 413 (7th Cir. 1992) ("The writing must precede the creation of the property in order to serve its purpose of identifying the (noncreator) owner unequivocally."). In the *Schiller* case, the circuit court also noted "there is authority that it must be signed before suit is brought." *Id.* at 412 (citing *Watson v. McCabe*, 527 F.2d 286, 289 (6th Cir. 1975).

Lawyers who practice in this Court are bound by the New York Rules of Professional Conduct. W.D.N.Y. Loc. R. Civ. P. 83.3 (2018). In that regard, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous." N.Y. R. Prof. Cond. 3.1(a) (2009). Commentary 2 of the rule contains this admonishment:

> The action is frivolous, however, if the action has no reasonable purpose other than to harass or maliciously injure a person, or if the lawyer is unable either to make a good-faith argument on the merits of the action taken or to support the action taken by a good-faith argument for an extension, modification or reversal of existing law (which includes the establishment of new judge-made law).

N.Y. R. Prof. Cond. 3.1, comment 2 (2009).

The Court finds that a good faith basis exists for arguing that the Court ought to adopt the Seventh Circuit's holding, or that the Second Circuit's holding in *Playboy* is limited to its unique facts and a different result should obtain here. Therefore, the Court determines that the Estate's bringing of this lawsuit, and continuing it even after discovery of the 2004 agreement, was neither frivolous nor objectively unreasonable. It is possible upon reviewing this Court's holding on the merits, that the Second Circuit will reach the conclusion sought by the

Estate—that the letter agreement is insufficient to meet the writing requirement of 17 U.S.C. § 101(2). Therefore, the Court declines to order payment of a reasonable attorney's fee to RIT. The Court will, however, approve RIT's bill of costs not to exceed $200.00 and direct payment by the Estate.[2]

## CONCLUSION

RIT's motion for an award of costs including a reasonable attorney's fee is granted in part. ECF No. 76. The Clerk may tax costs not exceeding $200.00 to the Estate, but the Court, in its discretion pursuant to 17 U.S.C. § 505, denies RIT's motion for attorney's fees.

IT IS SO ORDERED.

Dated: October 4, 2018
Rochester, New York

ENTER:

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge

---

[2] At oral argument, the Court inquired of counsel for RIT about whether he had an idea of the costs, to which counsel replied, "it's a good question. Unfortunately, Ms. Moore [co-counsel] had that fact and she's on leave. But I believe it's no more than $200, your Honor."